U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 27 2010

CHRIS R. JOHNSON, CLERK

BY_____
DEPUTY CLERK

10-3090

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601

Dear Fayetteville Federal District Court,

My name is David Stebbins, and I am writing to file a complaint against Full Sail University.

You had previously sent one of my complaints against Full Sail University to the Middle District of Florida. I explained to you how you may exercise personal jurisdiction on Full Sail University by way of minimum contacts and, specifically, the Zippo Test, yet you still refused to re-open my case, due to the fact that your hands are tied.

It is taking too long to get the case moved back to the Western District of Arkansas. Fortunately, in this event, the continuing violations doctrine is in play. Therefore, I don't *need* this case to be sent back; I can just open a new one. This is related to, but is not the same as, my original complaint.

Please bear in mind that you *do* have personal jurisdiction over Full Sail, due to minimum contacts. That being said, Full Sail's address is 3300 University Blvd., Winter Park, FL 32792.

I allege that the following torts have been committed against me.

First, I allege discrimination under Title III of the Americans with Disabilities Act. They have refused to provide me the reasonable accommodations and/or modifications in policies that I, as a person with Asperger Syndrome, am entitled (those accommodations being, to be patient and understanding with what I say, and to be a little more lenient on me than you would anyone else who doesn't have Aspergers regarding the rules of politeness). The reason for this is because I did not have any documentation of my Aspergers diagnosis, and they insisted that I provide them with access to my medical records before I could enroll.

This appears to be fine, at first glance, except that I had told them about my Asperger Syndrome *months* ago, and they waited until the last minute to contact me in regards to this documentation. This caused me to miss my start date, which, in turn, caused me to suffer an increase in tuition, all due to *their* laziness and refusal to ask me for the documentation *promptly*. These are my compensatory damages.

This was the last document that I needed before I was scheduled to enroll. But for this one document, I would have been enrolled and be in class, right now. Therefore, their negligence in this one instance caused me to suffer this injury.

This action was repeated (therefore, invoking the continuing violations doctrine) on Monday, September 20, 2010, when I called Full Sail and asked to schedule a mediation, only to be discriminated *again*. I attempted to schedule the mediation, but they

Wherefore, I pray that you issue an injunction to provide me the accommodations and reasonable modifications in policies that I seek, ask me for documentation as soon as it is evident that documentation is needed, rather than at the last minute, and re-admit me, on the spot, without any further paperwork. The medical documentation will *not* hinder my attempts to enroll. Instead, I want to be in class, while the administration is looking up my medical records. The accommodations and modifications in policies that I seek will be provided to me, without question, in the interim. Furthermore, I seek an injunction to give me the tuition of $54,000 that I originally signed up for.

Second, I allege a negligent infliction of emotional distress. Their administration is so crackpot that they can't do *anything* right. Being incompetent is not illegal, in and of itself, but, when it causes a person to become so frustrated and angry at the company that he is *literally*

ripping his hair out, then there is a case of emotional distress. Incompetence is not a tort, but, at the same time, neither is it an affirmative defense to any tort.

Here is just one of the many examples that Full Sail's crackpot administration has caused me to become beside myself in anger. On Friday, September 17, 2010, I called Full Sail and asked to schedule a mediation. However, the education department – the department that I was told was responsible for scheduling mediations – had left for the day. I asked the receptionist if they would be available the next day (being a Saturday, I needed to *ask* them if the education department would be in office). I was *specifically* told that, yes, they would be in office, and that their opening time was 8:30AM, Eastern Time Zone.

I called them at 7:30AM in the central time zone, and asked to speak to the Education Department. The receptionist I talked to told me that they were not in office on the weekends.

This caused me to scream in anger. The receptionist that I talked to on Friday evening *specifically* told me that the education department would be available on that day.

When I brought this to the current receptionists' attention, she refused to even talk to me until I "calmed down," despite it being *their* fault that I was so angry in the first place.

This is just one of the many examples of how their crackpot administration has given me a cause of action for negligent infliction of emotional distress.

Because the emotional distress caused me to miss my start date, and suffer an increase in tuition of $3,000, then the compensatory damages that I seek are $3,000.

I also allege false advertising. This is the action that actually occurred chronologically first, of the three torts. However, I only realized that the advertising was false a few months ago, so the statute of limitations is still in play.

In the fall of 2009, I was talking with an employee of Full Sail University by the name of Shawn Plank. I was concerned with their online degree program, as I had been in online colleges, before, and they did not work out.

Plank, however, told me that Full Sail's online program was different. After hearing his explanation (I do not remember the exact, word-for-word conversation that we had; at that point, I had never thought to make notes of details for use in court), but I soon asked him "So, whereas most online colleges function like message boards, Full Sail Online operates like a live chat room, so you still have to be online at a certain time, right?"

Plank immediately said that, yes, it is a lot like that. I relied on that, I depended on that, and, because of that, I signed up to enroll.

However, when I was finally getting ready to enroll (after all the paperwork was just about over), I found out that Plank's agreement with me regarding the nature of the classes was an outright *lie*. The classes were *still* structured as message boards! I relied on Plank's bald faced *lie* when I signed up, and, as such, they have committed the tort of false advertising against me.

I signed up for a class for $54,000. These are my compensatory damages. I respectfully pray to recover those damages.

Thank you, and please respond promptly. Remember that you *do* have personal jurisdiction to hear this case.

Sincerely,
David Stebbins

*David A. Stebbins*