U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 07 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601

Dear U.S. District Court,

 My name is David Stebbins, and I am writing in regards to case #10-3090. Specifically, I am writing to respectfully move that you reconsider your previous decision that the Western District of Arkansas is the improper venue in this case.

 I will admit one thing: I confused personal jurisdiction with venue, and, to that end, I apologize. However, semantics aside, the *meat* of my argument still stands. At your prompting, I did some research. I found a statute. Specifically, I found 28 U.S.C. § 1391, which discusses the choice of venue in federal cases.

 This case is being brought to federal court due to an express federal question (specifically, Title III of the Americans with Disabilities Act). Therefore, § 1391(b) applies when deciding federal venue. § 1391(b)(1) explicitly states that the proper venue is, by default, the judicial district in which the defendant resides.

 At first glance, this appears to be the Middle District of Florida. However, one must also look at § 1391(c). That subsection explicitly states that, in the event that the defendant is a corporation, they are deemed to reside (for the purposes of § 1391(a)(1) and § 1391(b)(1)) in any judicial district that may exert personal jurisdiction over the defendants.

 It would stand to reason that § 1391(c) requires Full Sail University to be a corporation, not an LLC, partnership, or sole proprietorship. Fortunately, I am not worried. After doing more research, I found that Full Sail University is actually a branch of Full Sail, Inc. This was on their website, www.fullsail.edu, so, if it is wrong, it is the defendants' fault. Therefore, Full Sail meets the qualification to be covered under § 1391(c).

 Therefore, at least for the purposes of this case, the practical differences between "personal jurisdiction" and "venue" are, effectively, dissolved. Proper venue may be established in the event that personal jurisdiction can also be established over a corporation.

 Therefore, for all practical intents and purposes, for the purposes of this one case (I could not care less about other cases), they are one in the same. Venue *is* personal jurisdiction; personal jurisdiction *is* venue. At least for this case, the concepts are, for all practical intents and purposes, no different than the definition(s) of "lawyer" and "attorney."

 At that point, we are right back where we started: Debating personal jurisdiction by way of the minimum contacts doctrine and the Zippo Test. See my previous motions for details on that.

 Wherefore, I respectfully move that you reconsider your decision that you lack proper venue and grant venue in the Western District of Arkansas, in Fayetteville. I realized my mistake (confusing personal jurisdiction for venue); please realize your's.

Thank you.
David Stebbins

*David Stebbins* (signature)

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601

72701+5353