U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 21 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS     PLAINTIFF

vs.     Civ. No. 10-3090

FULL SAIL UNIVERSITY     DEFENDANTS

## BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who submits the following brief in support of my appeal.

The Honorable Jimm L. Hendren erred in transferring the case to the Middle District of Florida, and in refusing to revoke his decision for improper venue, for the following reasons:

### Unambiguous statute

As Full Sail University is a corporation, owned by Full Sail, Inc., they establish proper venue wherever they establish personal jurisdiction. See 28 U.S.C. § 1391(c). The statute is unambiguous in this case.

### Personal jurisdiction is established

According to the Zippo Test, personal jurisdiction in Internet cases is based on a sliding scale of the amount of economic activity that took place over the Internet. I wish to reiterate, for emphasis, that I was signing up for an entire four-year college degree, valued at $54,000.00, over the Internet. How is that for "substantial economic activity?"

Therefore, whereas unambiguous statute states that venue for a corporation is established where ever they establish personal jurisdiction, and the Zippo Test establishes personal jurisdiction, that means that Full Sail, Inc. can be sued in the Western District of Arkansas, without proper venue.

**No proof of improper venue**

Improper venue is an absolute defense. See Fed. R. Civ. P. 12(b)(3). The Federal Rules of Civil Procedure explicitly state that "a party may assert the following **defenses** by motion." The word "defenses" is bold and underlined for emphasis. As a direct result, there is a presumption of proper venue in a case, and it is the burden of the defendants to prove otherwise. The Honorable Judge Hendren transferred the case on his own initiative, because he simply felt that there was no lack of venue, would undermine the the fact that improper venue is supposed to be an absolute defense. This amounts to nothing more than the Plaintiff having to prove that venue is proper, when it should be the other way around.

For this reason, the judge erred in even transferring the case, in the first place. It should have never been transferred, to begin with, because the defendants had not proven that venue was improper.

For the reasons specified, I hereby respectfully pray that you override the District Court's decision, rule that venue is proper in the Western District of Arkansas, and remand the case back to the district court for further proceedings, compliant with this ruling.

It is so requested, on this 17th day of December, 2010.

Sincerely,

David Stebbins